UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RONALD L. FOORE,
            *Plaintiff-Appellee,*

v.

CITY OF RICHMOND, VIRGINIA,
            *Defendant-Appellant.*

No. 00-1170

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge;
Robert R. Merhige, Jr., Senior District Judge.
(CA-96-502-3)

Argued: December 6, 2000

Decided: March 23, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Beverly Agee Burton, OFFICE OF THE CITY ATTOR-
NEY, Richmond, Virginia, for Appellant. David Raymond Simonsen,
Jr., Richmond, Virginia, for Appellee. **ON BRIEF:** Keith A. May,
OFFICE OF THE CITY ATTORNEY, Richmond, Virginia, for
Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

After Ronald Foore had served as a police officer for the City of Richmond, Virginia (the City), for over fourteen years, the City placed him on disability retirement in 1981 when it discovered that the vision in his right eye fell below the requirements for a police officer. The City reevaluated Foore's eligibility to be an officer in 1991, but it again determined that his impaired vision disqualified him. Foore sued the City in federal district court, claiming that he was disabled within the meaning of the Americans with Disabilities Act (ADA) and that he was denied reemployment with the City because of his disability, in violation of the ADA. At trial the City maintained that Foore was not disabled because his visual impairment did not substantially limit any major life activity. The jury returned a verdict in favor of Foore, and the district court ordered the City to reinstate Foore as a police sergeant. After considering the City's appeal, we hold that Foore does not have a disability within the meaning of the ADA. Accordingly, we reverse the judgment obtained by Foore and remand for the district court to enter judgment in favor of the City.*

I.

Foore began his service with the City as a police cadet in 1964 and was reclassified as a police officer in 1967. He served as a regular officer until 1976. From 1976 to 1978 Foore was an acting sergeant, and he was promoted to sergeant in 1978.

---

*We note that the district court did not have the benefit of two recent (and pertinent) Supreme Court decisions, *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555 (1999), and *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999), when it tried this case and considered the City's Rule 50(b) motion.

In 1974, while he was serving as a police officer, the vision in Foore's right eye became impaired. Since then the vision in that eye has been 20/400, and it is uncorrectable. Although he has monocular vision and does not have any depth perception, his peripheral vision is normal. According to his doctor, Foore "can do just about anything that anyone else can do." For example, he can read and drive, and he does not have to wear prescription eyeglasses.

The City did not learn of Foore's impairment until 1981, when all officers underwent routine eye examinations. The examination of Foore led the City to conclude that his vision fell below departmental requirements. Specifically, he lacked the required vision of not less than 20/60 in each eye uncorrected or 20/20 in each eye corrected. The City placed Foore on disability retirement and issued him retirement benefits under the City's retirement system. Although Foore had served as a regular officer (and as a sergeant) with the impairment, it did not affect his performance. The City nevertheless removed him from his position with the force.

After he was removed from the police force, Foore held several jobs. For a period of time he worked as a security specialist for the City and continued to receive disability benefits. In addition, he worked as a salesperson, a delivery driver, a basketball official, and a magistrate. In 1991 the City reevaluated his eligibility for a police officer position, but it concluded that his vision had not improved. Although the City declined to rehire Foore as a police officer, it suggested that he contact the Department of Human Resources if he was interested in pursuing other employment opportunities with the City. After Foore contacted the Department of Human Resources, he was considered for several City positions. He had an interview with the City's Bureau of Emergency Communications, and the Bureau considered him for the position of senior communications officer. He was not hired, however, because the job was eliminated due to budgetary constraints. After additional attempts to place Foore proved unsuccessful, he withdrew from the City's job application process.

Foore sued the City in district court claiming that the City's refusal to reemploy him as a police sergeant violated the ADA. Foore argued that his visual impairment constituted a "disability" under the ADA and that the City unlawfully discriminated against him on the basis

of his disability. The case was tried to a jury, and the jury awarded Foore $50,000 in compensatory damages. After the verdict the City moved for judgment as a matter of law under Fed. R. Civ. P. 50(b). The district court denied the City's motion, but reduced the jury award to $5,000. In ruling on the motion, the district court found that "the evidence presented at trial supports the jury's determination that Foore is disabled within the meaning of the ADA." In addition, the court ordered the City to admit Foore into its police academy and to reinstate him as a sergeant. The district court also awarded Foore back pay, attorneys' fees, and costs. Foore entered the police academy in 1998 and has been serving as a police sergeant since 1999.

The City appeals from the district court's denial of its Rule 50(b) motion.

## II.

The district court's denial of the City's Rule 50(b) motion is reviewed de novo. *See Brice v. Nkaru*, 220 F.3d 233, 237 (4th Cir. 2000). We must consider the evidence in the light most favorable to Foore and draw all reasonable inferences in his favor. *See id.* Although we are "compelled to accord the utmost respect to jury verdicts," *Price v. City of Charlotte*, 93 F.3d 1241, 1250 (4th Cir. 1996), we must reverse a jury verdict if it is not supported by substantial evidence, *see Benesh v. Amphenol*, 52 F.3d 499, 502 (4th Cir. 1995).

The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring . . . or discharge of employees." 42 U.S.C. § 12112(a). Thus, the jury's verdict was proper only if there is substantial evidence that (1) Foore is disabled; (2) he is qualified for the police officer position; and (3) the City's failure to rehire him constitutes unlawful discrimination based on his disability. *See Tyndall v. Nat'l Educ. Ctrs. Inc. of Ca.*, 31 F.3d 209, 212 (4th Cir. 1994).

The City's primary contention on appeal is that Foore does not have a disability within the meaning of the ADA. The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such indi-

vidual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The EEOC's regulations state that the term "major life activities" includes "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

Because we agree with the City that Foore failed to prove that he has a disability under the ADA, we hold that the district court erred when it refused to grant the City's motion for judgment as a matter of law. The evidence adduced at trial demonstrates that Foore's visual impairment does not substantially limit any major life activity. In addition, Foore failed to show that he has a record of a disability or that the City regarded him as having a disability.

## A.

Foore contends that the record establishes that his monocular vision substantially limits for him the major life activity of seeing. Specifically, he says that his visual impairment substantially limits his ability to see because he does not have any depth perception. Our inquiry into whether Foore's visual impairment substantially limits his ability to see is guided by *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555 (1999). In *Albertson's* a trucking company hired the plaintiff as a driver. After he was hired and had been driving for a period of time, the plaintiff was administered a vision test, which indicated that he had 20/200 vision in his left eye. Because the U.S. Department of Transportation required him to possess 20/40 vision, the trucking company fired him. *See id.* at 559-60. The plaintiff sued under the ADA claiming that because he had monocular vision, he was substantially limited in the major life activity of seeing. The Ninth Circuit agreed with the plaintiff and held that his monocular vision qualified as a disability because "'the manner in which [he] sees differs significantly from the manner in which most people see' because, 'to put it in the simplest terms [he] sees using only one eye; most people see using two.'" *Id.* at 564 (quoting *Kirkingburg v. Albertson's, Inc.*, 143 F.3d 1228, 1232 (9th Cir. 1998)). The Supreme Court, however, rejected the Ninth Circuit's per se approach. The Court noted that the ADA only "concerns itself only with limitations that are in fact substantial." *Id.* at 565. It therefore held that a court must take into

account an individual's ability to compensate for the impairment. *See id.* In the case of monocular vision, the Court said that a court should inquire into whether the individual's brain has developed mechanisms to cope with the impairment. *See id.* Although the Court acknowledged that a person with monocular vision will "ordinarily" be considered disabled under the ADA, the Court ruled that a court must determine the existence of a disability on a "case-by-case basis." *Id.* at 566-67.

We have followed the *Albertson's* instruction and have reviewed the record to determine whether there is a disability in this case. This review leads us to conclude that Foore did not establish that he is disabled. The evidence shows that Foore has compensated for his monocular vision and that the impairment has not substantially limited the major life activity of seeing. Foore has a full range of peripheral vision, he can read, and he has a Virginia driver's license. Foore's ophthalmologist, Dr. Guerry, testified that although Foore is legally blind in his right eye, he "can do just about anything that anyone else can do using his right eye except for seeing fine detail. He has a tiny area in the center of his vision where he doesn't see. That is covered nicely by his good acuity in the left eye." Dr. Guerry also indicated that Foore's brain has developed mechanisms to adjust to the limitations of his right eye. Although Foore does not have any depth perception, he has learned to compensate for this limitation:

> [T]he more time that goes by that [he has] good vision only in one eye, the more [he tends] to learn what are called monocular clues to decide how far something is away. . . . You begin to do these things without thinking, and the human, the brain has a great deal of ability to adapt to these kinds of things. . . . So the fact that Mr. Foore had lost his acuity, or his sharpness of vision for many years, has given him plenty of time to adopt to what are called monocular clues, and I think there are very few things, as I said, that he can't do.

In concluding that Foore's 20/400 vision in his right eye has not substantially limited the major life activity of seeing, we are mindful that the Supreme Court said in *Albertson's* that individuals "with monocular vision 'ordinarily' will meet the Act's definition of disability."

*Albertson's*, 527 U.S. at 567. This is not the ordinary case, however. The record shows that Foore has overcome his impairment and is not substantially limited in any way. Foore therefore failed to prove that his impairment substantially limits the major life activity of seeing. As a consequence, he does not have a disability under 42 U.S.C. § 12102(2)(A).

B.

Foore further contends that the jury verdict was proper because he demonstrated that he has a "record" of an impairment that substantially limits the major life activities of seeing and working. *See* 42 U.S.C. § 12102(2)(B). Under the EEOC's regulations a plaintiff has a record of impairment if he "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). Foore argues that he has a history of being substantially limited in his ability to see because he does not have any depth perception. In addition, Foore claims that he has a record of being substantially limited in his ability to work because the City "misclassified" him as being unable to serve as a police officer.

Contrary to Foore's assertion, the record is devoid of any evidence that would establish a history or misclassification of such an impairment. There is no evidence in the record to suggest that Foore's visual impairment has ever substantially limited his ability to see. Instead, as noted above, the evidence at trial demonstrates that his monocular vision has not limited the major life activity of seeing. In addition, Foore does not have a record of being substantially limited in the major life activity of working. To be substantially limited in the major life activity of working, Foore "must be precluded from more than one type of job, a specialized job, or a particular job choice." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 492 (1999). EEOC regulations state that a plaintiff is substantially limited in the major life activity of working only when he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 U.S.C. § 1630.2(j)(3)(i). Here, the record shows that the only job Foore has been precluded from undertaking is the position of police officer for the City of Richmond. Because

Foore has been prohibited from taking a "particular job" as opposed to "a class of jobs or a broad range of jobs," he does not have a record of being substantially limited in the major life activity of working under 42 U.S.C. § 12102(B). *See Dale v. Koch*, 892 F.2d 212, 215 (2d Cir. 1989) ("Being declared unsuitable for the particular position of police officer is not a substantial limitation of a major life activity."); *cf. Bridges v. Bossier*, 92 F.3d 329, 336 (5th Cir. 1996) ("[F]ire-fighting jobs — including firefighters and associated municipal paramedics or EMTs who must also serve as backup firefighters — is too narrow a field to describe a 'class of jobs' under § 29 C.F.R. 1630.2(j)(3)(i).").

C.

Foore finally asserts that he has a disability because the City regarded him as having an impairment that substantially limits the major life activity of working. *See* 42 U.S.C. § 12102(2)(C). An individual is regarded as having a disability if "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 489 (1999). To establish that the City regarded him as having an impairment that substantially limits his ability to work, Foore must prove that the City considered him to be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 U.S.C. § 1630.2(j)(3)(i). Foore asserts that the City has disqualified him from the sergeant position because it believes that his impairment will prevent him from performing the essential functions of the police officer position. Thus, Foore claims that the City has classified him as being unable to perform a broad range of police officer jobs.

Contrary to Foore's assertion, there is no evidence in the record that the City regarded Foore as being disabled. Although Foore did not fulfill the requirements for the police officer position, this fact alone does not mean that the City regarded Foore as being disabled. *See Sutton*, 527 U.S. at 490 ("Standing alone, the allegation that respondent has a vision requirement in place does not establish a

claim that respondent regards petitioners as substantially limited in the major life activity of working."). Instead, the relevant inquiry is whether the City regarded him as being unable to "perform a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i). As noted above, the record demonstrates that the City has only disqualified him from the specific job of being a police officer. The position of police officer is simply too narrow of a field to be considered a "class of jobs." *See Dale v. Koch*, 892 F.2d 212, 215 (2d Cir. 1989) (holding that the particular position of police officer is not a class of jobs). Foore admitted on cross-examination that he was ineligible only for the police officer position and that he was qualified for a number of City jobs. In addition, the City did not regard him as being unable to perform "a broad range of jobs." His disqualification from the police force did not prevent Foore from obtaining other positions with the City. Under the City's disability policies, individuals, like Foore, who are removed from the police force may obtain disability benefits *and* remain gainfully employed by the City in another position. In fact, the City hired Foore as a security specialist while he was receiving disability benefits and referred him to its Department of Human Resources for assistance in obtaining another position with the City. Foore was interviewed and considered for a senior communications officer position in the City's Bureau of Emergency Communications, but the position was eliminated for budgetary reasons. Therefore, because the City did not prevent Foore from performing a class of jobs or a broad range of jobs, the City did not regard Foore as having an impairment that substantially limited the major life activity of working under 42 U.S.C. § 12102(2)(C).

### III.

Foore's interest in continuing to work as a police officer is commendable and worthy of respect. Nevertheless, for the reasons set forth above, we hold that the jury's verdict is not supported by substantial evidence and that the City is entitled to judgment as a matter of law. We therefore reverse the judgment and remand to the district court for entry of judgment in favor of the City.

*REVERSED AND REMANDED*